UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANDA I.,

                 Plaintiff,

       v.

COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.
_____

**DECISION AND ORDER**

1:20-CV-0422 EAW

## <u>INTRODUCTION</u>

Represented by counsel, Plaintiff Anda I. ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 7; Dkt. 8), and Plaintiff's reply (Dkt. 9). For the reasons discussed below, the Commissioner's motion (Dkt. 8) is denied, and Plaintiff's motion (Dkt. 7) is granted to the extent that the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## BACKGROUND

Plaintiff protectively filed her application for SSI on August 2, 2016.  (Dkt. 6 at 24, 142-150).[1]  In her application, Plaintiff alleged disability beginning August 1, 2013, due to the following impairments: PTSD, bipolar, anxiety, adjustment disorder, and asthma.  (*Id.* at 24, 172).  Plaintiff's application was initially denied on October 6, 2016.  (*Id.* at 24, 75-80).  At Plaintiff's request, a video hearing was held before administrative law judge ("ALJ") Mary Sparks on September 21, 2018, with Plaintiff appearing in person in Buffalo, New York, and the ALJ presiding by video from Albany, New York.  (*Id.* at 24, 38-61).  On December 27, 2018, the ALJ issued an unfavorable decision.  (*Id.* at 24-33).  Plaintiff requested Appeals Council review; her request was denied on February 10, 2020, making the ALJ's determination the Commissioner's final decision.  (*Id.* at 4-9).  This action followed.

## LEGAL STANDARD

### I.    District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is

---

[1]    When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).  However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law."  *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.    <u>Disability Determination</u>

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 416.920(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities.  *Id*. § 416.920(c).  If the claimant does not have a severe impairment or

combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  *Id*. § 416.920(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id*. § 416.909), the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments.  *See id*. § 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work.  *Id*. § 416.920(f).  If the claimant can perform such requirements, then he or she is not disabled.  If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled.  *Id*. § 416.920(g).  To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience.  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted).

## DISCUSSION

## I.    The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 416.920.  At step one, the ALJ determined

that Plaintiff had not engaged in substantial gainful work activity since August 2, 2016, the application date.  (Dkt. 6 at 26).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: bipolar disorder; PTSD; history of non-material substance abuse, in remission; generalized anxiety disorder; asthma; tension-type headaches, unspecified and not intractable; and right carpal tunnel syndrome.  (*Id.*).  The ALJ further found that Plaintiff's medically determinable impairments of GERD and right shoulder pain were non-severe.  (*Id*. at 27).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.*).  The ALJ particularly considered the criteria of Listing 12.00 in reaching her conclusion.  (*Id*. at 27-28).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform a full range of work at all exertional levels, but with the following additional limitations:

> [Plaintiff] would not be able to climb ladders, ropes, or scaffolds, and she could perform no more than frequent handling or fingering with the right hand; needs to avoid more than occasional exposure to irritants such as fumes, odors, dust, and gases and poorly ventilated areas and would be limited performing low stress jobs defined as those having no more than occasional decision-making required and no more than occasional changes in the work setting.

(*Id.* at 28).  At step four, the ALJ found that Plaintiff had no past relevant work.  (*Id.* at 32).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could

perform, including the representative occupations of laboratory equipment cleaner, trash collector, and rental car deliverer.  (*Id.* at 32-33).  Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act.  (*Id.* at 33).

## II.   Remand of this Matter for Further Proceedings is Required

Plaintiff asks the Court to remand this matter to the Commissioner for further administrative proceedings, arguing that (1) the ALJ improperly substituted her own medical judgment over that of any physician, and (2) the ALJ erred in evaluating Plaintiff's mental impairment and resulting functional limitations.  For the reasons set forth below, the Court finds that the ALJ's RFC finding was not supported by medical opinion evidence but was instead based on her own lay assessment of the record.  Accordingly, the Court finds remand of this matter for further proceedings necessary.

### A.   Failure to Rely on Competent Medical Opinion

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole."  *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013).  An ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in [her] decision."  *Id*. However, an ALJ is not a medical professional, and "is not qualified to assess a claimant's RFC on the basis of bare medical findings."  *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018) (quotation omitted).  In other words:

> An ALJ is prohibited from 'playing doctor' in the sense that 'an ALJ may not substitute his own judgment for competent medical opinion. . . .  This rule is most often employed in the context of the RFC determination when the claimant argues either that the RFC is not supported by substantial

evidence or that the ALJ has erred by failing to develop the record with a
medical opinion on the RFC.

*Quinto v. Berryhill*, No. 3:17-cv-00024 (JCH), 2017 WL 6017931, at *12 (D. Conn. Dec.

1, 2017) (citations omitted).   "[A]s a result[,] an ALJ's determination of RFC without a

medical advisor's assessment is not supported by substantial evidence."  *Dennis v. Colvin*,

195 F. Supp. 3d 469, 474 (W.D.N.Y. 2016) (quotation and citation omitted).

In this case, none of the physicians who assessed Plaintiff concluded that she was

capable of a full range of work at all exertional levels with the limitations set forth in the

RFC.  Consultative examiner Harbinder Toor, M.D., who examined Plaintiff on September

27, 2016, determined that Plaintiff had "moderate limitations to doing fine motor activity

with the right hand.  She has moderate limitations to pushing, pulling, and reaching with

the right arm with right shoulder pain.  She should avoid irritants or other factors which

can exacerbate her asthma."  (Dkt. 6 at 334).  The ALJ gave Dr. Toor's opinion less than

significant weight overall.  She accepted the portion of his opinion that Plaintiff should

avoid irritants or other factors which could exacerbate her asthma and has moderate

limitations for fine motor activity with her right hand, concluding that this is reasonably

supported by the record.  But the ALJ provided no weight to Dr. Toor's opinion that

Plaintiff has moderate limitations to pushing, pulling, and reaching with her right arm

secondary to right shoulder pain.  Her reasons for rejecting this portion of the opinion were

her conclusions that Plaintiff's musculoskeletal disorder has not been substantiated in the

record by diagnostic evidence or any medically diagnosed condition requiring treatment.

The ALJ noted that Plaintiff does not "treat with an orthopedic specialist, does not

- 7 -

participate in physical therapy, nor has she received any other treatment modalities outside of some varied medications, and none for a shoulder impairment."  (Dkt. 6 at 30).

The ALJ also provided less than significant weight to the opinion of consultative psychiatric examiner, Yu-Ying Lin, Ph.D.  Dr. Lin concluded that:

> [Plaintiff] can follow and understand simple directions and instructions without limitations.  She can perform simple tasks independently without limitations.  She is mildly limited in maintaining attention and concentration.  She is mildly limited in maintaining a regular schedule.  She can learn new tasks without limitations.  She is moderately limited in performing complex tasks independently and needs supervision.  She is mildly limited in making appropriate decisions.  She is mildly limited in relating adequately with others and moderately to markedly limited in appropriately dealing with stress.  Difficulties are caused by stress-related problems.
>
> The results of this evaluation appear to be consistent with psychiatric problems and this may significantly interfere with [Plaintiff's] ability to function on a daily basis.

(Dkt. 6 at 341).  The ALJ gave this opinion less than significant weight, concluding that the examination was cursory, "the drastic limitations assessed by Dr. Lin are not substantiated in the record," and the opinion is "expressed in terminology that has no relevance or vocational meaning."  (*Id.* at 31).

D. Bruno, Psy. D., the non-examining state agency psychiatric consultant, evaluated Plaintiff's records on October 5, 2016.  (*Id.* at 62-73).  Dr. Bruno noted the presence of moderate limitations in Plaintiff's ability to understand and remember detailed instructions and to set realistic goals or make plans independently of others.  (*Id.* at 71).  Dr. Bruno cited the findings in the physical RFC that indicated Plaintiff maintained the capability for

light work.  (*Id.* at 72).  The ALJ rejected Dr. Bruno's opinions for the same reasons she rejected Dr. Lin's, noting the terminology used in the evaluation.

Finally, the ALJ noted that she considered a September 21, 2018 letter from Plaintiff's treating mental health clinical therapist, Rochelle Warner, LCAT.  In the letter, Ms. Warner explains that despite Plaintiff's poor attendance at appointments, Plaintiff maintains contact with Ms. Warner via telephone.  (*Id.* at 579).  Ms. Warner attributed Plaintiff's poor attendance to the fact that it was summer, Plaintiff's children were home, and Plaintiff has anxiety being separated from them following the death of her oldest child. (*Id.*).  Ms. Warner stated that Plaintiff "continues to struggle with symptoms from her PTSD and anxiety which greatly impact her daily activities and functioning."  (*Id.*).  The ALJ determined that Ms. Warner's opinion possessed little probative value because it was non-specific and inconsistent with treatment records, which only document phone sessions as minimally occurring and without elaboration about Plaintiff not wanting to be separated from her children.  (*Id.* at 31).

Notwithstanding the medical opinions of record, the ALJ in this case performed her own assessment of Plaintiff's records to reach the conclusion that Plaintiff was capable of a full range of work at all exertional levels, capable of frequent handling or fingering with her right hand, and with mental limitations restricting her to low stress jobs.  This was error.  While "the ALJ's RFC finding does not need to track any single medical opinion," this is a case where "there is no medical opinion at all supporting the ALJ's finding." *Dennis*, 195 F. Supp. 3d at 474.  Moreover, the ALJ here gave the medical opinions limited weight for conclusions she drew from information, or lack thereof, in the medical records.

(Dkt. 6 at 29).  In other words, the ALJ acknowledged that her rejection of the medical opinions was based solely on her own review and interpretation of Plaintiff's medical records.  "As a lay person, an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings. . . ."  *Fioretti v. Colvin*, No. 1:15-CV-00143(MAT), 2017 WL 4053822, at *6 (W.D.N.Y. Sept. 13, 2017) (quotation omitted).

The Commissioner argues that the ALJ's RFC assessment is supported by substantial evidence and that "moderate" limitations are consistent with a full range of functioning.  *See White v. Berryhill*, 753 F. App'x 80, 82 (2d Cir 2019).  But counsel's "after-the-fact explanation" for the RFC assessment "cannot serve as a substitute for the ALJ's findings," and here, the ALJ largely rejected the moderate limitations and nonexertional limitations recommended in the medical opinions.  *Hayden v. Comm'r of Soc. Sec.*, 338 F. Supp. 3d 129, 137 (W.D.N.Y. 2018).

Similarly, the Commissioner argues that nothing requires the ALJ to rely on a medical source opinion in determining the RFC.  "While in some circumstances, an ALJ may make an RFC finding without . . . opinion evidence, the RFC assessment will be sufficient only when the record is 'clear' and contains 'some useful assessment of the claimant's limitations from a medical source.'"  *Muhammad v. Colvin*, No. 6:16-cv-06369(MAT), 2017 WL 4837583, at *4 (W.D.N.Y. Oct. 26, 2017) (citation omitted).  In other words, "the ALJ may not interpret raw medical data in functional terms."  *Quinto*, 2017 WL 6017931, at *12 (quoting *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008)).  That is precisely what the ALJ did here—she impermissibly reviewed the bare medical findings and translated them into functional assessments.  This

is reversible error. *See Henderson v. Berryhill*, 312 F. Supp. 3d 364, 371 (W.D.N.Y. 2018) (holding the ALJ's RFC finding was improper "[i]n the absence of the medical opinions rejected by the ALJ" and where the ALJ relied upon "raw medical data" in the plaintiff's treatment notes); *see also Gipps v. Berryhill*, No. 1:17-CV-01171 (HBF), 2019 WL 1986518, at *6 (W.D.N.Y. May 6, 2019) (remanding for further proceedings because "[d]uring the relevant period under review, there is no opinion of record by a treating physician or other medical provider that plaintiff was able to work and/or was ready to return to work or was capable of doing light work with the limitations found by the ALJ").

Finally, the Court finds that this is not a case in which Plaintiff's "impairments are relatively simple and mild," such that the ALJ was permitted to "render a common sense judgment about functional capacity even without a physician's assessment." *Sheri S. v. Berryhill*, No. 3:18-CV-192 (DJS), 2019 WL 1429522, at *4 (N.D.N.Y. Mar. 29, 2019). Here, Plaintiff has both physical and mental severe impairments requiring analysis. On these facts, it was not permissible for the ALJ to rely on her own assessment of Plaintiff's medical records in assessing her RFC.

For these reasons, the Court finds that remand of this matter for further proceedings is necessary. On remand, the ALJ must assess the medical opinions of record in accordance with the applicable regulations and determine Plaintiff's RFC based on competent medical opinion.

### B.    Plaintiff's Remaining Arguments

As set forth above, Plaintiff has raised additional arguments regarding the soundness of the ALJ's conclusions. However, because the Court has already determined that remand

of this matter for further proceedings is necessary, the Court declines to reach these issues. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13 Civ. 06844 (LGS)(DF), 2015 WL 2137776, at *28 (S.D.N.Y. May 4, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 7) is granted to the extent that the matter is remanded for further administrative proceedings. The Commissioner's motion for judgment on the pleadings (Dkt. 8) is denied.  The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: May 30, 2021
          Rochester, New York